## IN THE MATTER OF ROBERT P. ROSPOND, AN ATTORNEY-AT-LAW.

January 23, 1981.

*David S. Cramp* argued the cause for the District X Ethics Committee.

*Larry McClure* argued the cause for respondent.

### CORRECTED ORDER

The Disciplinary Review Board having filed a report with this Court recommending that ROBERT P. ROSPOND of Sparta be suspended from the practice of law for a period of two years, effective February 26, 1980, and respondent having appeared before this Court on January 13, 1981 in response to an order to show cause why disciplinary sanctions should not be imposed, and the Court having reviewed the record, and good cause appearing;

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and that ROBERT P. ROSPOND is suspended from the practice of law for a period of two years and until the further order of the Court, effective February 26, 1980; and it is further

ORDERED that no application for restoration to the practice of law will be favorably considered until respondent has reimbursed the Administrative Office of the Courts for the costs arising out of these proceedings; and it is further

ORDERED that respondent be and hereby is restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that respondent comply with all the regulations of the Disciplinary Review Board governing suspended, disbarred or resigned attorneys.

### Decision and Recommendation of the Disciplinary Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon a presentment filed by the District X Ethics Committee. The presentment concerns respondent's guilty plea to an indictment charging him with false swearing. Upon a review of the full record the Board is satisfied that the conclusions of the Committee as to all matters are fully supported by clear and convincing evidence.

On November 14, 1979 respondent entered a guilty plea, in New Jersey Superior Court, to two counts of an indictment charging him with false swearing. On January 25, 1980 respondent was fined $3,000 by the Hon. Thomas DeMartin, J.S.C.

Specifically, respondent has admitted, both in his plea to the criminal charges and in his answer to the Ethics Committee complaint, to lying to a State Grand Jury. The Grand Jury was conducting a criminal investigation into the activities of one John Sliker in connection with allegations of obtaining money under false pretenses and conversion of corporate property. The investigation commenced following the filing of a criminal complaint against Sliker by respondent. Respondent and Sliker had been partners in a corporation which was in the business of selling used cars. The financing for the operation was provided

by respondent; Sliker ran the business on a daily basis. The criminal investigation of Sliker was initiated following respondent's discovery that Sliker had been using corporate funds to pay for personal expenses.

Respondent appeared before the State Grand Jury on June 8, 1977 and testified concerning meetings he had with Sliker and other individuals which concerned the repayment of the corporate funds by Sliker and the execution and sale of a promissory note. Tape recordings of the meetings between respondent, Sliker and the others were made by the New Jersey State Police. Respondent's testimony before the Grand Jury proved to be at variance with the substance of the conversations which were recorded and, subsequently, the indictment issued. The State Police became involved in the matter after they were advised by Sliker that respondent had attempted to extort from Sliker the money owed the corporation.

At the hearing of this matter before the District Ethics Committee, respondent did not deny the allegations contained in the Committee complaint but submitted information in mitigation of his conduct.

## CONCLUSION AND RECOMMENDATION

The sole question before the Board is the measure of discipline to be imposed. The Board finds, and respondent admits, that he engaged in conduct fraught with dishonesty, deceit and misrepresentation. His conduct violates *DR* 1–102(A)(3), (4), and (5). In view of the circumstances herein presented, the Board recommends that respondent be suspended from the practice of law for a period of two years, retroactive to February 26, 1980, the date of respondent's original temporary suspension. The Board also recommends that respondent be required to reimburse the Administrative Office of the Courts for the cost of stenographic transcripts arising out of this disciplinary proceeding.

DISCIPLINARY REVIEW BOARD

DATED:   September 24, 1980.

By: <u>A. Arthur Davis, 3rd</u>
A. Arthur Davis, 3rd
Chairman